IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA OF AMERICA CORPORATION, AT&T SERVICES, INC., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, T-MOBILE USA, INC., SPRINT, LLC F/K/A SPRINT CORP., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 25-1106-MN ) |
| ACER INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) |

## DEFENDANT ACER'S ANSWER TO AMENDED COMPLAINT

Defendant Acer Inc. answers the Amended Complaint of Plaintiffs Nokia of America Corporation ("Nokia"), AT&T Services, Inc., AT&T Mobility LLC, and AT&T Mobility II LLC (collectively, "AT&T"), T-Mobile USA, Inc. and Sprint, LLC f/k/a Sprint Corp. (collectively, "T-Mobile"), and Cellco Partnership d/b/a Verizon Wireless ("Verizon") (Nokia America, AT&T, T-Mobile, and Verizon are referred to collectively herein as "Plaintiffs") as follows:

Except for the identification of the "Patents-at-Issue," Acer denies the allegations set forth in the introductory paragraph under the heading "Amended Complaint."

## NATURE OF THE ACTION

1.      Acer admits that in July 2025, it sent letters to AT&T, T-Mobile and Verizon offering to negotiate a license to its 4G and 5G Standard Essential Patent Portfolio on FRAND terms.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 1.

2.      Denied.

3.      Acer admits that in July 2025, it sent letters to AT&T, T-Mobile and Verizon offering to negotiate a license to its 4G and 5G Standard Essential Patent Portfolio on FRAND terms.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 3.

4.      Admitted.

5.      Admitted.

## PARTIES

6.      Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and on that basis denies them.

7.      Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and on that basis denies them.

8.      Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and on that basis denies them.

9.      Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and on that basis denies them.

10.      Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and on that basis denies them.

11.      Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and on that basis denies them.

12.      Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and on that basis denies them.

13.      Admitted.

## JURISDICTION AND VENUE

14.    Acer admits that this complaint purports to arise under the Patent Laws of the United States, Title 35 of the United States Code.  Unless expressly admitted, Acer denies the allegations set forth in Paragraph 14.

15.    Denied.

16.    Admitted.

17.    Acer admits that certain Acer-branded products may be sold in the United States, including in the state of Delaware.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 17.

18.    Acer admits that in July 2025, it sent letters to AT&T, T-Mobile and Verizon offering to negotiate a license to its 4G and 5G Standard Essential Patent Portfolio on FRAND terms.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 18.

19.    Acer admits that it has alleged that AT&T, T-Mobile and Verizon have infringed certain claims of its 4G LTE-A and 5G patents.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 19.

20.    Acer admits that it has alleged that AT&T, T-Mobile and Verizon have infringed certain claims of its 4G LTE-A and 5G patents.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 20.

21.    Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and on that basis denies them.

22.    Acer admits that it does not reside in the United States.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 22.

## I.  FACTUAL BACKGROUND

### A.  Acer denies the allegations of subheading I.A.

23.  Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis denies them.

24.  Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis denies them.

25.  Denied.

26.  Acer admits that Nokia and Acer have had multiple in-person, telephonic, and video meetings since 2018.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 26.

27.  Acer admits that Nokia and Acer have discussed a possible cross-license. Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 27.

28.  Denied.

29.  Acer admits that Nokia has initiated proceedings before the U.S. International Trade Commission, the Western District of Texas, Brazil, Germany, and the UPC.  Acer also admits that it has initiated litigation implicating Nokia's patents in the United Kingdom and Brazil. Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 29.

### B.  Regarding the allegations of subheading I.B, Acer admits that it invited AT&T, T-Mobile and Verizon to negotiate a license to Acer's 4G and 5G Standard Essential Patent Portfolio on FRAND terms, but denies that it sent "threat" letters.

30.  Acer admits that in July 2025, it sent letters to AT&T, T-Mobile and Verizon offering to negotiate a license to its 4G and 5G Standard Essential Patent Portfolio on FRAND terms.  Unless otherwise admitted, Acer denies the allegations set forth in Paragraph 30.

31.     Acer admits that on July 10, 2025, it sent letters to AT&T, T-Mobile and Verizon to "assist with [Acer's] patent portfolio licensing program," and to offer AT&T, T-Mobile and Verizon "a license to Acer's 4G LTE-A and 5G worldwide standard essential patents for base transceiver station equipment." Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 31, including the specific characterization of Acer's letters as "threat" letters.

32.     Acer admits that its July 10, 2025 letters to AT&T, T-Mobile and Verizon brought attention to "Acer's 4G LTE-A and 5G standard essential patents[s]," including the '641, '053, '791, '097 and '333 Patents. Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 32, including the specific characterization of Acer's letters as "threat" letters.

33.     Acer admits that it informed AT&T, T-Mobile and Verizon that the '641, '053, '791, '097 and '333 Patents "and applicable standard references are examples of [their] infringement of Acer's 4G LTE-A and 5G standard essential patents for base transceiver station equipment." Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 33, including the specific characterization of Acer's letters as "threat" letters.

34.     Acer admits that it informed AT&T, T-Mobile and Verizon that their base transceiver station equipment infringes Acer's '641, '053, '791, '097 and '333 Patents. On information and belief, Acer admits that Nokia makes base transceiver station equipment and sells it to AT&T, T-Mobile and Verizon. Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 34, including the specific characterization of Acer's letters as "threat" letters.

35.     On information and belief, Nokia base transceiver station equipment supports the 4G LTE-A and 5G standards.

36.    Acer admits that it informed AT&T, T-Mobile and Verizon that "[p]ursuant to Acer's requirements as a member of the European Telecommunications Standards Institute (ETSI), [Acer's] licensing proposal will be made on a fair, reasonable and non-discriminatory (FRAND) basis." Unless otherwise admitted, Acer denies the remaining allegations of Paragraph 36, including the specific characterization of Acer's letters as "threat" letters.

37.    Acer admits that its July 10, 2025 letters to AT&T, T-Mobile and Verizon offered to negotiate a license to Acer's 4G LTE-A and 5G standard essential patents on FRAND terms, and that the letters requested a response within 21 days. Unless otherwise admitted, Acer denies the allegations of Paragraph 37, including the specific characterization of Acer's letters as "threat" letters.

38.    Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and on that basis denies them.

39.    Acer admits that it participated in at least one meeting with either AT&T, T-Mobile or Verizon, and that representatives of Nokia attended that meeting. Unless otherwise admitted, Acer denies the allegations of Paragraph 39, including the specific characterization of Acer's letters as "threat" letters.

40.    Denied.

**C.    ETSI, the ETSI IPR Policy, and the FRAND Commitment.**

41.    Acer admits that ETSI is a standards organization that purports to have more than 900 members from more than 60 countries. Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41, and on that basis denies them.

42.    Acer admits that ETSI has an IPR Policy regarding intellectual property rights that is governed by the laws of France. Acer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42, and on that basis denies them.

43.    Admitted.

44.    Admitted.

45.    Admitted.

46.    Acer admits that ETSI has an IPR Statement and Licensing Declaration attached to the IPR Policy. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 46.

47.    Acer admits that it has submitted one or more IPR Information Statement and Licensing Declarations identifying patents that Acer views as potentially including claims that are essential to one or more of the 3G, 4G, and 5G standards.  Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 47.

48.    Admitted.

49.    Acer admits that Clause 6.1 of the ETSI IPR Policy further states that the FRAND undertaking "may be made subject to the condition that those who seek licenses agree to reciprocate."   Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 49.

50.    Denied.

## II.    <u>PATENTS-AT-ISSUE</u>

### A.    U.S. Patent No. 11,252,641 ("the '641 Patent")

51.    Admitted.

52.    Admitted.

**B.    U.S. Patent No. 11,044,053 ("the '053 Patent")**

53.    Admitted.

54.    Admitted.

**C.    U.S. Patent No. 10,237,791 ("the '791 Patent")**

55.    Admitted.

56.    Admitted.

**D.    U.S. Patent No. 9,999,097 ("the '097 Patent")**

57.    Admitted.

58.    Admitted.

**E.    U.S. Patent No. 8,737,333 ("the '333 Patent")**

59.    Admitted.

60.    Admitted.

61.    Admitted.

**F.    U.S. Patent No. 9,807,746 ("the '746 Patent")**

62.    Admitted.

63.    Admitted.

**G.    U.S. Patent No. 8,798,663 ("the '663 Patent")**

64.    Admitted.

65.    Admitted.

66.    Admitted.

**H.    U.S. Patent No. 8,787,304 ("the '304 Patent")**

67.    Admitted.

68.    Admitted.

69.    Admitted.

70.    Admitted.

**I.    U.S. Patent No. 7,797,615 ("the '615 Patent")**

71.    Admitted.

72.    Admitted.

**J.    U.S. Patent No. 9,526,048 ("the '048 Patent")**

73.    Admitted.

74.    Admitted.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '641 PATENT

75.    Acer repeats and realleges each and every allegation contained in paragraphs 1-74 above as if fully set forth herein.

76.    Denied.

77.    Acer admits that at least some of the claims of the '641 Patent are essential to the 5G standard.

78.    On information and belief, Acer admits the allegations of Paragraph 78.

79.    Acer admits that at least some of Nokia's 5G supporting base station equipment is covered by the '641 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 79.

80.    Acer admits that at least some of AT&T's Accused Instrumentalities are covered by the '641 Patent.

81.    Acer admits that at least some of T-Mobile's Accused Instrumentalities are covered by the '641 Patent.

82.     Acer admits that at least some Nokia 5G supporting base station equipment in Verizon's Accused Instrumentalities is covered by the '641 Patent.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '053 PATENT

90.     Acer repeats and realleges each and every allegation contained in paragraphs 1-89 above as if fully set forth herein.

91.     Denied.

92.     Acer admits that at least some of the claims of the '053 Patent are essential to the 5G standard.

93.     On information and belief, Acer admits the allegations of Paragraph 93.

94.     Acer admits that at least some of Nokia's 5G supporting base station equipment is covered by the '053 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 94.

95.     Acer admits that at least some of AT&T's Accused Instrumentalities are covered by the '053 Patent.

96.     Acer admits that at least some of T-Mobile's Accused Instrumentalities are covered by the '053 Patent.

97.     Acer admits that at least some Nokia 5G supporting base station equipment in Verizon's Accused Instrumentalities is covered by the '053 Patent.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

## COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '791 PATENT

107.    Acer repeats and realleges each and every allegation contained in paragraphs 1-106 above as if fully set forth herein.

108.    Acer admits that at least some of the claims of the '791 Patent are essential to the 4G LTE-A standard.

109.    Denied.

110.    On information and belief, Acer admits the allegations of Paragraph 110.

111.    Acer admits that at least some of Nokia's 4G LTE-A supporting base station equipment is covered by the '791 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 111.

112.    Acer admits that at least some of AT&T's Accused Instrumentalities are covered by the '791 Patent.

113.    Acer admits that at least some of T-Mobile's Accused Instrumentalities are covered by the '791 Patent.

114.    Acer admits that at least some Nokia 4G-LTE supporting base station equipment in Verizon's Accused Instrumentalities is covered by the '791 Patent.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

## COUNT IV: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '097 PATENT

121.    Acer repeats and realleges each and every allegation contained in paragraphs 1-120 above as if fully set forth herein.

122.    Acer admits that at least some of the claims of the '097 Patent are essential to the 4G LTE-A standard.

123.    Denied.

124.    On information and belief, Acer admits the allegations of Paragraph 124.

125.    Acer admits that at least some of Nokia's 4G LTE-A supporting base station equipment is covered by the '097 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 125.

126.    Acer admits that at least some of AT&T's Accused Instrumentalities are covered by the '097 Patent.

127.    Acer admits that at least some of T-Mobile's Accused Instrumentalities are covered by the '097 Patent.

128.    Acer admits that at least some Nokia 4G-LTE supporting base station equipment in Verizon's Accused Instrumentalities is covered by the '097 Patent.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

## COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '333 PATENT

137.    Acer repeats and realleges each and every allegation contained in paragraphs 1-136 above as if fully set forth herein.

138.    Acer admits that at least some of the claims of the '333 Patent are essential to the 4G LTE-A standard.

139.    Denied.

140.    On information and belief, Acer admits the allegations of Paragraph 140.

141.    Acer admits that at least some of Nokia's 4G LTE-A base station equipment is covered by the '333 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 141.

142.    Acer admits that at least some of AT&T's Accused Instrumentalities are covered by the '333 Patent.

143.    Acer admits that at least some of T-Mobile's Accused Instrumentalities are covered by the '333 Patent.

144.    Acer admits that at least some Nokia 4G-LTE supporting base station equipment in Verizon's Accused Instrumentalities is covered by the '333 Patent.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

**COUNT VI: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '746 PATENT**

151.    Acer repeats and realleges each and every allegation contained in paragraphs 1-150 above as if fully set forth herein.

152.    Acer admits that at least some of the claims of the '746 Patent are essential to the 4G LTE-A standard.

153.    Denied.

154.    On information and belief, Acer admits the allegations of Paragraph 154.

155.    Acer admits that at least some of Nokia's 4G LTE-A supporting base station equipment is covered by the '746 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 155.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

### COUNT VII: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '663 PATENT

164.    Acer repeats and realleges each and every allegation contained in paragraphs 1-163 above as if fully set forth herein.

165.    Acer admits that at least some of the claims of the '663 Patent are essential to the 4G LTE-A standard.

166.    Denied.

167.    On information and belief, Acer admits the allegations of Paragraph 167.

168.    Acer admits that at least some Nokia 4G LTE-A supporting base station equipment is covered by the '663 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 168.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

## COUNT VIII: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '304 PATENT

175.    Acer repeats and realleges each and every allegation contained in paragraphs 1-174 above as if fully set forth herein.

176.    Acer admits that at least some of the claims of the '304 Patent are essential to the 4G LTE-A standard.

177.    Denied.

178.    On information and belief, Acer admits the allegations of Paragraph 178.

179.    Acer admits that at least some Nokia 4G LTE-A supporting base station equipment is covered by the '304 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 179.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

## COUNT IX: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '615 PATENT

186.    Acer repeats and realleges each and every allegation contained in paragraphs 1-185 above as if fully set forth herein.

187.    Denied.

188.    Denied.

189.    On information and belief, Acer admits the allegations of Paragraph 189.

190.     Acer admits that at least some Nokia 4G LTE-A supporting base station equipment is covered by the '615 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 190.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

## COUNT X: DECLARATORY JUDGMENT THAT ACER HAS BREACHED ITS OBLIGATION TO NEGOTIATE IN GOOD FAITH

197.     Acer repeats and realleges each and every allegation contained in paragraphs 1-196 above as if fully set forth herein.

198.     Denied.

199.     Denied.

200.     Denied.

201.     Denied.

202.     Denied.

203.     Denied.

204.     Denied.

205.     Denied.

206.     Denied.

## COUNT XI: DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '048 PATENT

207.    Acer repeats and realleges each and every allegation contained in paragraphs 1-206 above as if fully set forth herein.

208.    Acer admits that at least some of the claims of the '048 Patent are essential to the 5G standard.

209.    On information and belief, Acer admits the allegations of Paragraph 209.

210.    Acer admits that at least some of Nokia's 5G supporting base station equipment is covered by the '048 Patent. Except as otherwise admitted, Acer denies the allegations set forth in Paragraph 210.

211.    Acer admits that at least some of AT&T's Accused Instrumentalities are covered by the '048 Patent.

212.    Acer admits that at least some of T-Mobile's Accused Instrumentalities are covered by the '048 Patent.

213.    Acer admits that at least some Nokia 5G supporting base station equipment in Verizon's Accused Instrumentalities is covered by the '048 Patent.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

**ATTORNEY FEES**

221.    Denied.

## NOKIA'S DEMAND FOR JURY TRIAL

222.     Acer admits that Nokia has demanded a jury trial for all issues so triable.

## ACER'S RESPONSE TO NOKIA'S PRAYER FOR RELIEF

223.     Acer denies that Nokia is entitled to any of the relief outlined in Paragraph 223 of Plaintiffs' Amended Complaint.

## AFFIRMATIVE DEFENSES

224.     Acer incorporates by reference as if fully set forth herein its responses to Paragraphs 1 through 223 of Plaintiffs' Amended Complaint.  Without admitting or acknowledging that it bears the burden of proof excepted those imposed by law and without reducing or removing Plaintiff's burden of proof on its affirmative claims, Acer alleges and asserts the following defenses in response to Plaintiffs' Amended Complaint.  Acer reserves the right to amend this answer with additional defenses as further information is obtained.

### FIRST DEFENSE:
### Failure to State a Claim

225.     Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE:
### FRAND Compliance

226.     Acer is FRAND compliant.  Acer has not breached its FRAND obligations.

### THIRD DEFENSE:
### Equitable Defenses

227.     On information and belief, Plaintiffs' claims are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and unclean hands.

## RESERVATION OF ADDITIONAL DEFENSES

228.     Acer's investigation of its defenses is continuing, and Acer expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil

Procedure, the patent laws of the United States and any other defense, at law or in equity, that may

now exist or in the future be available based upon discovery and further investigation in this case.

## COUNTERCLAIMS

### COUNTERCLAIM I
### Infringement of the '641 Patent

229.    Acer repeats and realleges each and every allegation contained in paragraphs 1-228 above as if fully set forth herein.

230.    At least certain claims of Acer's '641 Patent are essential to the 5G standard.

231.    On information and belief, Plaintiffs design, manufacture, use, sell, offer to sell, and/or import base station equipment that supports the 4G LTE-A and 5G standards.  As an example, Nokia base station equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini-Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor.  On information and belief, Nokia sells its base station equipment to AT&T, T-Mobile, and Verizon in the United States so that they can operate 4G LTE-A and 5G wireless networks.  On information and belief, the accused products include (but are not necessarily limited to) Nokia base station equipment that support the 5G standards.

232.    On information and belief, Plaintiffs have infringed and continue to infringe, literally and/or under the doctrine of equivalents, certain claims of the '641 Patent by making, using, selling, importing and/or offering to sell the accused products (*e.g.*, Nokia base station equipment) in the United States without a license, in violation of 35 U.S.C. § 271(a).

233.    On information and belief, Plaintiffs have induced and continue to induce infringement of certain claims of the '641 Patent in violation of 35 U.S.C. § 271(b).  Plaintiffs have actively, knowingly, and intentionally induced infringement of the '641 Patent by selling, offering to sell, and/or importing into the United States the accused products (*e.g.*, Nokia base station equipment) after Acer notified Plaintiffs of the infringement.  Plaintiffs performed these

acts with the knowledge and specific intent that third parties, including their customers and/or downstream consumers, would continue to use, sell, offer for sale, or import the accused products to infringe the '641 Patent.  For example, Plaintiffs have provided support, marketing materials, owner's manuals, and/or other materials that encourage the use of the accused products in a way that infringes one or more claims of the '641 Patent.  Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

234.    On information and belief, Plaintiffs have contributed to and continue to contribute to the infringement of certain claims of the '641 Patent in violation of 35 U.S.C. § 271(c).  Plaintiffs have, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '641 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '641 Patent.  The accused products (*e.g.*, Nokia base station equipment) have no substantial non-infringing uses, and Plaintiffs know that the equipment is especially made or especially adapted for use in a manner that infringes the '641 Patent.  Plaintiffs have both knowledge and the specific intent that their customers and/or downstream consumers use the accused products in a manner that directly infringes the '641 Patent.  Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

235.    The accused products (*e.g.*, Nokia base station equipment) infringe at least claim 1 of the '641 Patent by supporting relevant standards used for wireless transmission.  Exhibit A is a claim chart, hereby incorporated by reference, showing how the accused products (*e.g.*, Nokia base station equipment) practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 1 of the '641 patent.

236.    Plaintiffs' infringement of the '641 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNTERCLAIM II
### Infringement of the '053 Patent

237.    Acer repeats and realleges each and every allegation contained in paragraphs 1-236 above as if fully set forth herein.

238.    At least certain claims of Acer's '053 Patent are essential to the 5G standard.

239.    On information and belief, Plaintiffs design, manufacture, use, sell, offer to sell, and/or import base station equipment that supports the 4G LTE-A and 5G standards.  As an example, Nokia base station equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini-Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor.  On information and belief, Nokia sells its base station equipment to AT&T, T-Mobile, and Verizon in the United States so that they can operate 4G LTE-A and 5G wireless networks.  On information and belief, the accused products include (but are not necessarily limited to) Nokia base station equipment that support the 5G standards.

240.    On information and belief, Plaintiffs have infringed and continue to infringe, literally and/or under the doctrine of equivalents, certain claims of the '053 Patent by making, using, selling, importing and/or offering to sell the accused products (*e.g.*, Nokia base station equipment) in the United States without a license, in violation of 35 U.S.C. § 271(a).

241.    On information and belief, Plaintiffs have induced and continue to induce infringement of certain claims of the '053 Patent in violation of 35 U.S.C. § 271(b).  Plaintiffs have actively, knowingly, and intentionally induced infringement of the '053 Patent by selling, offering to sell, and/or importing into the United States the accused products (*e.g.*, Nokia base

station equipment) after Acer notified Plaintiffs of the infringement. Plaintiffs performed these acts with the knowledge and specific intent that third parties, including their customers and/or downstream consumers, would continue to use, sell, offer for sale, or import the accused products to infringe the '053 Patent. For example, Plaintiffs have provided support, marketing materials, owner's manuals, and/or other materials that encourage the use of the accused products in a way that infringes one or more claims of the '053 Patent. Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

242. On information and belief, Plaintiffs have contributed to and continue to contribute to the infringement of certain claims of the '053 Patent in violation of 35 U.S.C. § 271(c). Plaintiffs have, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '053 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '053 Patent. The accused products (*e.g.*, Nokia base station equipment) have no substantial non-infringing uses, and Plaintiffs know that the equipment is especially made or especially adapted for use in a manner that infringes the '053 Patent. Plaintiffs have both knowledge and the specific intent that their customers and/or downstream consumers use the accused products in a manner that directly infringes the '053 Patent. Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

243. The accused products (*e.g.*, Nokia base station equipment) infringe at least claim 22 of the '053 Patent by supporting relevant standards used for wireless transmission. Exhibit B is a claim chart, hereby incorporated by reference, showing how the accused products (*e.g.*, Nokia base station equipment) practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 22 of the '053 patent.

244.    Plaintiffs' infringement of the '053 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

**COUNTERCLAIM III**
**Infringement of the '791 Patent**

245.    Acer repeats and realleges each and every allegation contained in paragraphs 1-244 above as if fully set forth herein.

246.    At least certain claims of Acer's '791 Patent are essential to the 4G LTE-A standard.

247.    On information and belief, Plaintiffs design, manufacture, use, sell, offer to sell, and/or import base station equipment that supports the 4G LTE-A and 5G standards. As an example, Nokia base station equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini-Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor. On information and belief, Nokia sells its base station equipment to AT&T, T-Mobile, and Verizon in the United States so that they can operate 4G LTE-A and 5G wireless networks. On information and belief, the accused products include (but are not necessarily limited to) Nokia base station equipment that support the 4G LTE-A standards.

248.    On information and belief, Plaintiffs have infringed and continue to infringe, literally and/or under the doctrine of equivalents, certain claims of the '791 Patent by making, using, selling, importing and/or offering to sell the accused products (*e.g.*, Nokia base station equipment) in the United States without a license, in violation of 35 U.S.C. § 271(a).

249.    On information and belief, Plaintiffs have induced and continue to induce infringement of certain claims of the '791 Patent in violation of 35 U.S.C. § 271(b). Plaintiffs have actively, knowingly, and intentionally induced infringement of the '791 Patent by selling,

offering to sell, and/or importing into the United States the accused products (*e.g.*, Nokia base station equipment) after Acer notified Plaintiffs of the infringement.  Plaintiffs performed these acts with the knowledge and specific intent that third parties, including their customers and/or downstream consumers, would continue to use, sell, offer for sale, or import the accused products to infringe the '791 Patent.  For example, Plaintiffs have provided support, marketing materials, owner's manuals, and/or other materials that encourage the use of the accused products in a way that infringes one or more claims of the '791 Patent.  Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

250.    On information and belief, Plaintiffs have contributed to and continue to contribute to the infringement of certain claims of the '791 Patent in violation of 35 U.S.C. § 271(c).  Plaintiffs have, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '791 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '791 Patent.  The accused products (*e.g.*, Nokia base station equipment) have no substantial non-infringing uses, and Plaintiffs know that the equipment is especially made or especially adapted for use in a manner that infringes the '791 Patent.  Plaintiffs have both knowledge and the specific intent that their customers and/or downstream consumers use the accused products in a manner that directly infringes the '791 Patent.  Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

251.    The accused products (*e.g.*, Nokia base station equipment) infringe at least claim 14 of the '791 Patent by supporting relevant standards used for wireless transmission.  Exhibit C is a claim chart, hereby incorporated by reference, showing how the accused products (*e.g.*, Nokia

base station equipment) practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 14 of the '791 patent.

252.    Plaintiffs' infringement of the '791 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

### COUNTERCLAIM IV
### Infringement of the '097 Patent

253.    Acer repeats and realleges each and every allegation contained in paragraphs 1-252 above as if fully set forth herein.

254.    At least certain claims of Acer's '097 Patent are essential to the 4G LTE-A standard.

255.    On information and belief, Plaintiffs design, manufacture, use, sell, offer to sell, and/or import base station equipment that supports the 4G LTE-A and 5G standards.  As an example, Nokia base station equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini-Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor.  On information and belief, Nokia sells its base station equipment to AT&T, T-Mobile, and Verizon in the United States so that they can operate 4G LTE-A and 5G wireless networks.  On information and belief, the accused products include (but are not necessarily limited to) Nokia base station equipment that support the 4G LTE-A standards.

256.    On information and belief, Plaintiffs have infringed and continue to infringe, literally and/or under the doctrine of equivalents, certain claims of the '097 Patent by making, using, selling, importing and/or offering to sell the accused products (*e.g.*, Nokia base station equipment) in the United States without a license, in violation of 35 U.S.C. § 271(a).

257.    On information and belief, Plaintiffs have induced and continue to induce infringement of certain claims of the '097 Patent in violation of 35 U.S.C. § 271(b).  Plaintiffs have actively, knowingly, and intentionally induced infringement of the '097 Patent by selling, offering to sell, and/or importing into the United States the accused products (*e.g.*, Nokia base station equipment) after Acer notified Plaintiffs of the infringement.  Plaintiffs performed these acts with the knowledge and specific intent that third parties, including their customers and/or downstream consumers, would continue to use, sell, offer for sale, or import the accused products to infringe the '097 Patent.  For example, Plaintiffs have provided support, marketing materials, owner's manuals, and/or other materials that encourage the use of the accused products in a way that infringes one or more claims of the '097 Patent.  Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

258.    On information and belief, Plaintiffs have contributed to and continue to contribute to the infringement of certain claims of the '097 Patent in violation of 35 U.S.C. § 271(c).  Plaintiffs have, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '097 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '097 Patent.  The accused products (*e.g.*, Nokia base station equipment) have no substantial non-infringing uses, and Plaintiffs know that the equipment is especially made or especially adapted for use in a manner that infringes the '097 Patent.  Plaintiffs have both knowledge and the specific intent that their customers and/or downstream consumers use the accused products in a manner that directly infringes the '097 Patent.    Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

259.    The accused products (*e.g.*, Nokia base station equipment) infringe at least claim 1 of the '097 Patent by supporting relevant standards used for wireless transmission.  Exhibit D is a claim chart, hereby incorporated by reference, showing how the accused products (*e.g.*, Nokia base station equipment) practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 1 of the '097 patent.

260.    Plaintiffs' infringement of the '097 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

**COUNTERCLAIM V**
**Infringement of the '333 Patent**

261.    Acer repeats and realleges each and every allegation contained in paragraphs 1-260 above as if fully set forth herein.

262.    At least certain claims of Acer's '333 Patent are essential to the 4G LTE-A standard.

263.    On information and belief, Plaintiffs design, manufacture, use, sell, offer to sell, and/or import base station equipment that supports the 4G LTE-A and 5G standards.  As an example, Nokia base station equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini-Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor.  On information and belief, Nokia sells its base station equipment to AT&T, T-Mobile, and Verizon in the United States so that they can operate 4G LTE-A and 5G wireless networks.  On information and belief, the accused products include (but are not necessarily limited to) Nokia base station equipment that support the 4G LTE-A standards.

264.    On information and belief, Plaintiffs have infringed and continue to infringe, literally and/or under the doctrine of equivalents, certain claims of the '333 Patent by making,

using, selling, importing and/or offering to sell the accused products (*e.g.*, Nokia base station equipment) in the United States without a license, in violation of 35 U.S.C. § 271(a).

265.    On information and belief, Plaintiffs have induced and continue to induce infringement of certain claims of the '333 Patent in violation of 35 U.S.C. § 271(b).  Plaintiffs have actively, knowingly, and intentionally induced infringement of the '333 Patent by selling, offering to sell, and/or importing into the United States the accused products (*e.g.*, Nokia base station equipment) after Acer notified Plaintiffs of the infringement.  Plaintiffs performed these acts with the knowledge and specific intent that third parties, including their customers and/or downstream consumers, would continue to use, sell, offer for sale, or import the accused products to infringe the '333 Patent.  For example, Plaintiffs have provided support, marketing materials, owner's manuals, and/or other materials that encourage the use of the accused products in a way that infringes one or more claims of the '333 Patent.  Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

266.    On information and belief, Plaintiffs have contributed to and continue to contribute to the infringement of certain claims of the '333 Patent in violation of 35 U.S.C. § 271(c).  Plaintiffs have, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '333 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '333 Patent.  The accused products (*e.g.*, Nokia base station equipment) have no substantial non-infringing uses, and Plaintiffs know that the equipment is especially made or especially adapted for use in a manner that infringes the '333 Patent.  Plaintiffs have both knowledge and the specific intent that their customers and/or downstream consumers use the accused products in a manner that directly infringes the '333

Patent.  Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than July 2025.

267.    The accused products (*e.g.*, Nokia base station equipment) infringe at least claim 17 of the '333 Patent by supporting relevant standards used for wireless transmission.  Exhibit E is a claim chart, hereby incorporated by reference, showing how the accused products (*e.g.*, Nokia base station equipment) practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 17 of the '333 patent.

268.    Plaintiffs' infringement of the '333 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNTERCLAIM VI
### Infringement of the '746 Patent

269.    Acer repeats and realleges each and every allegation contained in paragraphs 1-268 above as if fully set forth herein.

270.    At least certain claims of Acer's '746 Patent are essential to the 4G LTE-A standard.

271.    On information and belief, Nokia designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards.  Nokia base statement equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini–Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor. On information and belief, Nokia sells it base station equipment to its customers in the United States (*e.g.*, AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks. On information and belief, the accused products are Nokia base station equipment that support the 4G LTE-A standards.

272.    On information and belief, Nokia has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '746 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

273.    On information and belief, Nokia has induced and continues to induce infringement of certain claims of the '746 Patent in violation of 35 U.S.C. § 271(b).  Nokia has actively, knowingly, and intentionally induced infringement of the '746 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Nokia of the infringement.  Nokia performed these acts with the knowledge and specific intent that third parties, including Nokia's customers or downstream consumers, would continue to use, sell, offer for sale, or import the accused devices supplied by Nokia to infringe the '746 Patent.  For example, Nokia has provided marketing materials, owner's manuals and/or other materials that encourage the use of Nokia's base station equipment in a way that infringes one or more claims of the '746 Patent. Nokia has had actual knowledge of infringement by its customers and/or downstream consumers since no later than the filing of its Original Complaint in September 2025.

274.    On information and belief, Nokia has contributed to and continues to contribute to the infringement of certain claims of the '746 Patent in violation of 35 U.S.C. § 271(c).  Nokia has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '746 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '746 Patent.  Nokia's base station equipment has no substantial non-infringing uses, and Nokia knows that the equipment is especially made or especially adapted for use in a manner that infringes the '746 Patent.  Nokia has both knowledge and the specific intent that its customers and downstream consumers use

Nokia's base station equipment in a manner that directly infringes the '746 Patent. Nokia has had actual knowledge of infringement by its customers and/or downstream consumers since no later than the filing of its Original Complaint in September 2025.

275.    The accused products, Nokia's base station equipment, infringe at least claim 9 of the '746 Patent by supporting relevant standards used for wireless transmission. Exhibit F is a claim chart, hereby incorporated by reference, showing how the Nokia base station equipment practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 9 of the '746 patent.

276.    Nokia's infringement of the '746 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

### COUNTERCLAIM VII
### Infringement of the '663 Patent

277.    Acer repeats and realleges each and every allegation contained in paragraphs 1-276 above as if fully set forth herein.

278.    At least certain claims of Acer's '663 Patent are essential to the 4G LTE-A standard.

279.    On information and belief, Nokia designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards. Nokia base statement equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini–Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor. On information and belief, Nokia sells it base station equipment to its customers in the United States (*e.g.*, AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks. On information and belief, the accused products are Nokia base station equipment that support the 4G LTE-A standards.

280.     On information and belief, Nokia has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '663 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

281.     On information and belief, Nokia has induced and continues to induce infringement of certain claims of the '663 Patent in violation of 35 U.S.C. § 271(b).  Nokia has actively, knowingly, and intentionally induced infringement of the '663 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Nokia of the infringement.  Nokia performed these acts with the knowledge and specific intent that third parties, including Nokia's customers or downstream consumers, would continue to use, sell, offer for sale, or import the accused devices supplied by Nokia to infringe the '663 Patent.  For example, Nokia has provided marketing materials, owner's manuals and/or other materials that encourage the use of Nokia's base station equipment in a way that infringes one or more claims of the '663 Patent. Nokia has had actual knowledge of infringement by its customers and/or downstream consumers since no later than the filing of its Original Complaint in September 2025.

282.     On information and belief, Nokia has contributed to and continues to contribute to the infringement of certain claims of the '663 Patent in violation of 35 U.S.C. § 271(c).  Nokia has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '663 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '663 Patent.  Nokia's base station equipment has no substantial non-infringing uses, and Nokia knows that the equipment is especially made or especially adapted for use in a manner that infringes the '663 Patent.  Nokia has both knowledge and the specific intent that its customers and downstream consumers use

Nokia's base station equipment in a manner that directly infringes the '663 Patent.  Nokia has had actual knowledge of infringement by its customers and/or downstream consumers since no later than the filing of its Original Complaint in September 2025.

283.    The accused products, Nokia's base station equipment, infringe at least claim 9 of the '663 Patent by supporting relevant standards used for wireless transmission. Exhibit G is a claim chart, hereby incorporated by reference, showing how the Nokia base station equipment practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 9 of the '663 patent.

284.    Nokia's infringement of the '663 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

### COUNTERCLAIM VIII
### Infringement of the '304 Patent

285.    Acer repeats and realleges each and every allegation contained in paragraphs 1-284 above as if fully set forth herein.

286.    At least certain claims of Acer's '304 Patent are essential to the 4G LTE-A standard.

287.    On information and belief, Nokia designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards.  Nokia base statement equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini–Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor. On information and belief, Nokia sells it base station equipment to its customers in the United States (*e.g.*, AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks. On information and belief, the accused products are Nokia base station equipment that support the 4G LTE-A standards.

288.    On information and belief, Nokia has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '304 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

289.    On information and belief, Nokia has induced and continues to induce infringement of certain claims of the '304 Patent in violation of 35 U.S.C. § 271(b).  Nokia has actively, knowingly, and intentionally induced infringement of the '304 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Nokia of the infringement.  Nokia performed these acts with the knowledge and specific intent that third parties, including Nokia's customers or downstream consumers, would continue to use, sell, offer for sale, or import the accused devices supplied by Nokia to infringe the '304 Patent.  For example, Nokia has provided marketing materials, owner's manuals and/or other materials that encourage the use of Nokia's base station equipment in a way that infringes one or more claims of the '304 Patent. Nokia has had actual knowledge of infringement by its customers and/or downstream consumers since no later than the filing of its Original Complaint in September 2025.

290.    On information and belief, Nokia has contributed to and continues to contribute to the infringement of certain claims of the '304 Patent in violation of 35 U.S.C. § 271(c).  Nokia has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '304 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '304 Patent.  Nokia's base station equipment has no substantial non-infringing uses, and Nokia knows that the equipment is especially made or especially adapted for use in a manner that infringes the '304 Patent.  Nokia has both knowledge and the specific intent that its customers and downstream consumers use

Nokia's base station equipment in a manner that directly infringes the '304 Patent. Nokia has had actual knowledge of infringement by its customers and/or downstream consumers since no later than the filing of its Original Complaint in September 2025.

291.    The accused products, Nokia's base station equipment, infringe at least claim 1 of the '304 Patent by supporting relevant standards used for wireless transmission. Exhibit H is a claim chart, hereby incorporated by reference, showing how the Nokia base station equipment practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 1 of the '304 patent.

292.    Nokia's infringement of the '304 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNTERCLAIM IX
### Infringement of the '615 Patent

293.    Acer repeats and realleges each and every allegation contained in paragraphs 1-292 above as if fully set forth herein.

294.    At least certain claims of Acer's '615 Patent are essential to the 4G LTE standard.

295.    On information and belief, Nokia designs, manufactures, and sells base station equipment that supports the 4G LTE-A and 5G standards. Nokia base statement equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini–Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor. On information and belief, Nokia sells it base station equipment to its customers in the United States (*e.g.*, AT&T, T-Mobile, and Verizon) so that they can operate 4G LTE-A and 5G wireless networks. On information and belief, the accused products are Nokia base station equipment that support the 4G LTE-A standards.

296.    On information and belief, Nokia has infringed and continues to infringe, literally and/or under the doctrine of equivalents, certain claims of the '615 Patent by making, using, selling, importing and/or offering to sell its base station equipment in the United States without a license, in violation of 35 U.S.C. § 271(a).

297.    On information and belief, Nokia has induced and continues to induce infringement of certain claims of the '615 Patent in violation of 35 U.S.C. § 271(b).  Nokia has actively, knowingly, and intentionally induced infringement of the '615 Patent by selling, offering to sell, and/or importing into the United States its base station equipment after Acer notified Nokia of the infringement.  Nokia performed these acts with the knowledge and specific intent that third parties, including Nokia's customers or downstream consumers, would continue to use, sell, offer for sale, or import the accused devices supplied by Nokia to infringe the '615 Patent.  For example, Nokia has provided marketing materials, owner's manuals and/or other materials that encourage the use of Nokia's base station equipment in a way that infringes one or more claims of the '615 Patent. Nokia has had actual knowledge of infringement by its customers and/or downstream consumers since no later than the filing of its Original Complaint in September 2025.

298.    On information and belief, Nokia has contributed to and continues to contribute to the infringement of certain claims of the '615 Patent in violation of 35 U.S.C. § 271(c).  Nokia has, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '615 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '615 Patent.  Nokia's base station equipment has no substantial non-infringing uses, and Nokia knows that the equipment is especially made or especially adapted for use in a manner that infringes the '615 Patent.  Nokia has both knowledge and the specific intent that its customers and downstream consumers use

Nokia's base station equipment in a manner that directly infringes the '615 Patent. Nokia has had actual knowledge of infringement by its customers and/or downstream consumers since no later than the filing of its Original Complaint in September 2025.

299. The accused products, Nokia's base station equipment, infringe at least claim 1 of the '615 Patent by supporting relevant standards used for wireless transmission. Exhibit I is a claim chart, hereby incorporated by reference, showing how the Nokia base station equipment practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 1 of the '615 patent.

300. Nokia's' infringement of the '615 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNTERCLAIM X
### Infringement of the '048 Patent

301. Acer repeats and realleges each and every allegation contained in paragraphs 1-300 above as if fully set forth herein.

302. At least certain claims of Acer's '048 Patent are essential to the 5G standard.

303. On information and belief, Plaintiffs design, manufacture, use, sell, offer to sell, and/or import base station equipment that supports the 4G LTE-A and 5G standards. As an example, Nokia base station equipment includes, but is not limited to, product models such as Flexi Series, Flexi Multiradio Base Station, Flexi Zone Mini-Macro, AirScale, Flexi Zone Micro, AirScale micro RRH, Flexi Zone Pico, and AirScale Indoor. On information and belief, Nokia sells its base station equipment to AT&T, T-Mobile, and Verizon in the United States so that they can operate 4G LTE-A and 5G wireless networks. On information and belief, the accused products include (but are not necessarily limited to) Nokia base station equipment that support the 5G standards.

304.    On information and belief, Plaintiffs have infringed and continue to infringe, literally and/or under the doctrine of equivalents, certain claims of the '048 Patent by making, using, selling, importing and/or offering to sell the accused products (*e.g.*, Nokia base station equipment) in the United States without a license, in violation of 35 U.S.C. § 271(a).

305.    On information and belief, Plaintiffs have induced and continue to induce infringement of certain claims of the '048 Patent in violation of 35 U.S.C. § 271(b).  Plaintiffs have actively, knowingly, and intentionally induced infringement of the '048 Patent by selling, offering to sell, and/or importing into the United States the accused products (*e.g.*, Nokia base station equipment) after Acer notified Plaintiffs of the infringement.  Plaintiffs performed these acts with the knowledge and specific intent that third parties, including their customers and/or downstream consumers, would continue to use, sell, offer for sale, or import the accused products to infringe the '048 Patent.  For example, Plaintiffs have provided support, marketing materials, owner's manuals, and/or other materials that encourage the use of the accused products in a way that infringes one or more claims of the '048 Patent.  Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than January 2026.

306.    On information and belief, Plaintiffs have contributed to and continue to contribute to the infringement of certain claims of the '048 Patent in violation of 35 U.S.C. § 271(c).  Plaintiffs have, after being notified of the infringement by Acer, actively, knowingly, and intentionally contributed to infringement of the '048 Patent by selling, offering to sell and/or importing into the United States base station equipment that is used to practice the '048 Patent.  The accused products (*e.g.*, Nokia base station equipment) have no substantial non-infringing uses, and Plaintiffs know that the equipment is especially made or especially adapted for use in a manner that infringes the '048 Patent.  Plaintiffs have both knowledge and the specific intent that their customers and/or

downstream consumers use the accused products in a manner that directly infringes the '048 Patent.    Plaintiffs have had actual knowledge of infringement by their customers and/or downstream consumers since no later than January 2026.

307.    The accused products (*e.g.*, Nokia base station equipment) infringe at least claim 1 of the '048 Patent by supporting relevant standards used for wireless transmission. Exhibit J is a claim chart, hereby incorporated by reference, showing how the accused products (*e.g.*, Nokia base station equipment) practice exemplary portions of the relevant standards and meet each and every limitation of at least claim 1 of the '048 patent.

308.    Plaintiffs' infringement of the '048 Patent has been willful, entitling Acer to enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## DEMAND FOR A JURY TRIAL

309.    Acer requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Acer Incorporated prays for relief as follows:

A.    That the Court deny all claims for relief set forth in Plaintiffs' Amended Complaint and enter judgment in favor of Acer, and against Plaintiffs on all of Plaintiffs' claims;

B.    That the Court find that Plaintiffs have infringed the Patents-at-Issue as alleged above;

C.    That the Court find the Patents-at-Issue valid and enforceable;

D.    That the Court enter a judgment and order for an accounting of all damages sustained by Acer as a result of the acts of infringement by Plaintiffs, and in no event lower than a reasonable royalty as set forth in 35 U.S.C. § 284;

E.      That the Court enter an order finding that Plaintiffs' infringement has been

willful, warranting an award of treble and/or enhanced damages;

F.      That the Court enter a judgment and order requiring Plaintiffs to pay pre-

judgment and post-judgment interest on the damages awarded;

G.      That the Court find this case exceptional under 35 U.S.C. § 285, and award Acer

its costs and fees in this action, including reasonable attorney fees and pre-judgment interest

thereon; and

H.      That the Court grant Acer such other and further relief as it deems just and proper.


|                                         | /s/ Karen E. Keller                         |
|-----------------------------------------|---------------------------------------------|
|                                         | Karen E. Keller (No. 4489)                  |
|                                         | Andrew E. Russell (No. 5382)                |
|                                         | SHAW KELLER LLP                             |
| OF COUNSEL:                             | I.M. Pei Building                           |
| Kai Tseng                               | 1105 North Market Street, 12th Floor        |
| Craig Kaufman                           | Wilmington, DE 19801                        |
| Jerry Chen                              | (302) 298-0700                              |
| TECHKNOWLEDGE LAW GROUP LLP             | kkeller@shawkeller.com                      |
| 20660 Stevens Creek Blvd., Suite 381    | arussell@shawkeller.com                     |
| Cupertino, CA 95014                     | Attorneys for Defendant Acer Inc.           |
| (650) 517-5200                          |                                             |

Dated: February 18, 2026